UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

ALBERT RUSSO
CN 4853
Trenton, New Jersey 08650
(609) 587-6888
Standing Chapter 13 Trustee

Order Filed on 5/17/2010 by Clerk U.S. Bankruptcy Court District of New Jersey

In Re:

MARILOU R APOR
VIDIAMORE R APOR

Debtor(s)

Case No. 09-30293 / KCF

Hearing Date: 11/18/09

Judge: KATHRYN C FERGUSON

# ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: 5/17/2010**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Debtor: MARILOU R APOR    VIDIAMORE R APOR
Case No: 09-30293 / KCF
ORDER CONFIRMING CHAPTER 13 PLAN

---

      The plan of the debtor having been proposed to creditors, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

☒   **ORDERED** that the plan of the above named debtor(s), dated 08/03/09, or as amended on the record at the confirmation hearing is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor(s)

☒   **ORDERED** that the debtor shall pay the Standing Chapter 13 Trustee, ALBERT RUSSO, the sum of **$100.00 beginning on 09/01/09 for a period of 60 months**, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. 586

☐   **ORDERED** that the case is to be set up as a Tier Plan and the debtor shall pay the Standing Chapter 13 Trustee, ALBERT RUSSO, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. 586:

☒   **ORDERED** that general unsecured creditors will be treated as follows:
**THE PLAN IS A POT BASE. GENERAL UNSECURED CREDITORS WILL RECEIVE A PRO-RATA DIVIDEND. THE TOTAL BASE AMOUNT IS: $6,000.00.**

☒   **ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirmation Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002

☒   **ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. The unpaid balance of the allowed fee shall be paid to said attorney by the Chapter 13 trustee

☐   **ORDERED** that the attorney for the debtor shall prepare and serve a Wage Order upon the debtor's employer for the Chapter 13 plan payments

☐   **ORDERED** that to the extent that Section 6 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. Section 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified here:

*Approved by Judge Kathryn C. Ferguson  May  17, 2010*

**(Page 3)**
Debtor: MARILOU R APOR    VIDIAMORE R APOR
Case No:  09-30293 / KCF
ORDER CONFIRMING CHAPTER 13 PLAN

---

☒ **ORDERED** that if the debtor should **fail to make plan payments or comply with other plan provisions** for a period of more than 30 days, the Standing Chapter 13 Trustee may file, with the Court and served upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification

☒ **ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged

☐ **ORDERED** that the debtor(s) must provide a market analysis within 30 days or the case will be dismissed.  The Trustee reserves and shall be allowed the right to seek modification of this confirmed plan in the event that the market analysis and/or appraisal provided by the debtor(s) indicates a substantial increase in the value and/or equity in the debtor's property

☐ **ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a), in the amount filed by the post-petition claimant

☒ **ORDERED** that the Standing Trustee is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a)

☐ **ORDERED** that the debtor(s) must keep the Trustee updated with the status of the debtor(s)' personal injury claim and any non-exempt proceeds of said claim shall be contributed to the plan for the benefit of the creditors

☐ **ORDERED** that, on or before ?, the debtor(s) shall submit to the Chapter 13 Trustee a copy of the filed **Federal and State Income Tax returns** required pursuant to Bankruptcy Code Sections 1325(a)(9) and 1308(a)

☒ **ORDERED** as follows:

A LOAN MODIFICATION AND AN ORDER REMOVING SAXON ARREARS SHALL BE SUBMITTED BY 05/20/10.

*Approved by Judge Kathryn C. Ferguson  May  17, 2010*